Shauck, J.
Throughout the progress of the case it has been taken for granted by the courts below, and by counsel on both sides, that although Marvin’s title to an easement in the strip for the purposes of a private right of way is of unquestioned validity and older in point of time than the title of Tusch, he might by a suit in ejectment be wholly excluded therefrom; and that Tusch although taking a later title expressly limited to a private right of way in common with other abutting owners might, as against one of them, be awarded the exclusive possession of the strip. Whether there is a solid basis for this concord, the case does not require us to determine.
Answering the petition in ejectment Marvin by authority of the provision of the code of civil *55 procedure that a defendant may interpose as many defenses as he may have, whether they were previously denominated legal or equitable, introduced the real ground of contention between the parties. The facts as shown by his answer, the reply of Tusch, the stipulation and the undisputed evidence are that Marvin being about to erect a substantial building of several stories in height covering his ground, which was divided by the strip of ten feet in width devoted to the purpose of a private right of way for the use of all abutting owners, so planned and executed his enterprise as to carry his building across the strip by an arch, leaving ample room beneath for the ordinary uses of such a way, and clearing and paving the alley so that it would be capable of actual use throughout its entire length, which it had not previously been. It does not appear whether Marvin took this course in the exercise of a right which he supposed to have become conferred upon him by the deeds under which he and his neighbors held their property, or in reliance upon their acquiescence in the course which he chose. Nor is it material in the present case.
The title ad coelmn of one who has but a right of way is ordinarily of practical value only to the height of the vehicle in which he travels it. If Tusch had made a timely assertion of his invaded right, its insignificant character might not have justified a court in refusing to interfere in his behalf; but his own estimate of the value of the right may have justified him in deliberate acquiescence in the Marvin improvement and in accepting the improvement of the alley as of *56 greater value to him than the right which by-acquiescence he was surrendering. In any view, his presence at the site of the improvement and his assent thereto with full knowledge of all that was being done is admitted in the record. Since he did not, when the improvement was undertaken and its character made obvious to him, consider the right of sufficient importance to justify its prompt assertion, or even to prompt objection to Marvin’s plan, the plainest considerations of justice require the court to inform him that he cannot now be heard to say that it is so important as to justify a judgment which would require Marvin to make terms with him on pain of being compelled to reconstruct his building. The principles upon which one is required to make a timely assertion of rights upon which he proposes to insist are familiar, and they are sufficiently illustrated in the cases cited in the briefs. It is quite clear that the proper administration of the law does not require so wide a departure from the administration of justice as the case of the original plaintiff invites.
Judgments of the circuit and common pleas courts reversed and judgment for plaintiff in error.

Judgments reversed.

Davis, C. J., Spear, Price, Johnson and Donahue, JJ., concur.